HORTON, APPELLEE, *v.* MINGS; STATE BD. OF REAL ESTATE EXAMINERS, APPELLANT.

HORTON, APPELLEE, *v.* BORTON; STATE BD. OF REAL ESTATE EXAMINERS, APPELLANT.

HORTON, APPELLEE, *v.* MILLS; STATE BD. OF REAL ESTATE EXAMINERS, APPELLANT.

(Nos. 279, 280 and 281—Decided November 3, 1941.)

*Mr. C. L. Newcomer,* for appellee.

*Mr. Thomas J. Herbert,* attorney general, *Mr. Howard Bernstein* and *Mr. Herbert K. Ames,* for appellant.

CARPENTER, J.   Three persons filed separate complaints before the Ohio State Board of Real Estate Examiners (hereinafter called the board), against Daryl O. Horton of Bryan, Ohio, a licensed real estate broker and, after one hearing on all three complaints,

in one order the board revoked his license. From this order, Horton appealed to the Court of Common Pleas of Williams county by filing three separate petitions making one of the three complainants a party to each appeal. With each petition he filed copies of the notice of appeal which he served upon the board. So far as this record shows, no summons or other notice of the appeal was served upon any one of the several complainants who are made defendants to the petitions.

The board filed a motion asking to be made a party in each matter, and other motions to consolidate the three appeals. Both types of motions were overruled and the board filed these appeals from those orders.

· The problem turns upon the construction to be given to Section 6373-45, General Code, as amended in 1939, 118 Ohio Laws, 497, which reads as follows:

"The State Board of Real Estate Examiners shall keep a record of its proceedings and shall have authority upon application of an interested party or upon its own motion and notice to the interested parties to reverse, vacate or modify its own orders.

"The Court of Common Pleas of the county, in which the applicant or licensee complained of resides, shall have jurisdiction to affirm, vacate or modify any order of said board. Any applicant, licensee or complainant, dissatisfied with an order of said board may appeal to such Common Pleas Court by petition within thirty days from the entry of the order of the board, and on so doing must file with the secretary of the board a written notice of appeal therefrom to the Common Pleas Court of such county. Such notice shall operate to suspend the order of the board. Such Common Pleas Court shall be limited in its proceedings therein to a determination as to whether the action of the board was in accord or consistent with this act or the Constitution of this state, or was arbitrary or an abuse of discretion. Upon filing of the notice with the secretary of the board, the secretary shall within

twenty days, transmit to the clerk of such court the record of the proceedings. Upon filing of such transcript said action shall be at issue and upon the application of either party may be advanced and assigned for trial at the earliest possible date. The judgment of the Common Pleas Court may be reviewed in the Court of Appeals in the manner provided by law.''

From an examination of this section alone, it is difficult to tell the procedure the Legislature intended should be followed on the appeal, or who, if any one, should be the parties thereto. Looking to the legislative history of the section, it appears that it was first enacted in 1925 when the board was created (111 Ohio Laws, 400). It was slightly amended in 1927 (112 Ohio Laws, 265). Before the 1927 amendment the section read as follows:

''The State Board of Real Estate Examiners shall make a transcript of its record and proceedings in the investigation of the conduct of any licensee as provided in section 15 of this act and in the investigation of the honesty, truthfulness and good reputation of any applicant or person, as provided for in section 8 of this act. Any applicant, or other such person, licensee or complainant, dissatisfied with the decision of the board in refusing to admit to an examination or to issue a real estate salesman's license or in suspending, revoking or refusing to renew a license, may commence an action in the Common Pleas Court of Franklin county, against the State Board of Real Estate Examiners as defendant, to set aside, vacate or modify any such decision on the ground that the same is unreasonable or unlawful; and said court is hereby authorized and vested with exclusive jurisdiction to hear and determine such action. The board shall be served with summons as in other civil cases. The answer of the board shall be filed within ten days after service of summons upon it and with its answer it shall file a certified transcript of its record in such matter. Upon

the filing of said answer said action shall be at issue and shall be advanced and assigned for trial by the court, upon the application of either party, at the earliest possible date.

"The pendency of the action herein provided for shall of itself suspend a decision of the board suspending, revoking or refusing to renew a license, and the license affected thereby shall continue in force until the final determination of such action, notwithstanding the expiration thereof by lapse of time as otherwise provided in this act."

At that time the court proceeding was not called an appeal but "an action" against the board, and summons, answer and trial were provided for. Very specifically it was an adversary action, and by the judgment the decision of the board might be set aside, vacated or modified.

In 1931, 114 Ohio Laws, 108, the section was materially amended to read as follows:

"The State Board of Real Estate Examiners shall keep a record of its proceedings and shall have authority upon application of an interested party or upon its own motion and notice to the interested parties to reverse, vacate or modify its own orders.

"The Court of Common Pleas of the county, in which the applicant or licensee complained of resides, shall have jurisdiction to affirm, vacate or modify any order of said board. Any applicant, licensee or complainant, dissatisfied with an order of said board may file an appeal therefrom in the office of the clerk of courts of such county within thirty days from the entry thereof. The proceeding shall not, however, operate to suspend such order. Such action may be upon the ground that such order is unreasonable or contrary to law and shall be prosecuted against the State Board of Real Estate Examiners or the licensee or complainant as the case may be. Such defendants shall be served with summons as in civil actions. The

answer of such parties together with a copy of the original complaint and a copy of the board's order from which the appeal is prosecuted shall be filed with the clerk of said court within twenty days from the service of summons. Upon the filing of such papers said action shall be at issue and upon the application of either party, may be advanced and assigned for trial at the earliest possible date."

Then the court proceeding was called an appeal, "against" the board "or the licensee or complainant as the case may be," and summons, answer and trial were mentioned, and the judgment might be "to affirm, vacate or modify any order of said board." Still it was an adversary matter.

With this history in mind, what kind of a proceeding is the present appeal? Who are the parties? How do they get into court? What are the issues? On what evidence are they determined? And what possible judgments may be entered?

The only decision that aids the court in answering these questions as raised herein is that of *State, ex rel. Mayers,* v. *Gray et al., Bd. of Optometry,* 114 Ohio St., 270, 151 N. E., 125, wherein it is said that a similar board in revoking a professional license "is performing an executive and not a judicial function."

In view of the former provisions for definite parties, summons and answer all being omitted from this section, it seems to this court that the Legislature took out the adversary character of the appeal when it provided that all "any applicant, licensee or complainant, dissatisfied with an order of said board" needs to do is file a petition in the Common Pleas Court within thirty days of the order, stating that he appeals and serve upon the board a notice of such appeal. Thereupon, the matter is in court in the form of an *ex parte* proceeding, a continuation of the matter as it was before the board, and any one having an interest in it, either as complainant, licensee or board, may present to the

court his or its side of the cause, either in support of or against the order within the limits prescribed in that section. If this is correct, the board, having asked to come in, should be admitted and be heard, and there being but one order of the board, there is but one appeal, not three, and but one notice of appeal is essential or proper in effecting that object. Therefore, two of the three so-called appeals are superfluous and without legal warrant and may properly be dismissed, since the one appeal gives all of the interested parties entrance thereto to present whatever may be pertinent to a decision as to the propriety and correctness of the order of the board. Horton must therefore determine and the trial court must decide under which appeal the matter shall proceed.

Horton is seeking to name as defendants complainants who may not care further to be heard. None of them is asking to be heard and under the statute it is volitional on their part, not mandatory.

The board having asked permission to be heard, its motion should have been granted and the denial thereof was prejudicial error for which the judgment of the Court of Common Pleas must be reversed and the cause remanded thereto with directions to grant the motion and for further proceedings according to law.

*Judgment reversed and cause remanded.*

OVERMYER and LLOYD, JJ., concur.